IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 08-cv-00906-MSK-MJW

HARTFORD ACCIDENT AND INDEMNITY COMPANY,

Plaintiff(s),

v.

ROBERT M. FRIEDLAND, et al.,

Defendant(s).

ORDER SETTING SCHEDULING/PLANNING CONFERENCE

The above captioned case has been referred to Magistrate Judge Michael J. Watanabe pursuant to the Order of Reference to Magistrate Judge and Letter to Counsel, entered by Judge Marcia S. Krieger on May 6, 2008.

IT IS HEREBY ORDERED that a Scheduling/Planning Conference pursuant to Fed.R.Civ.P.16(b) shall be held on:

> July 2, 2008, at 8:00 a.m.,
> in Courtroom A-502,
> Fifth Floor,
> Alfred A. Arraj U.S. Courthouse,
> 901 19th Street,
> Denver, Colorado 80294

If this date is not convenient for any counsel/pro se party, he/she should confer with opposing counsel/pro se party and **file a motion** to reschedule the conference to a more convenient date.

**Absent exceptional circumstances, no request for rescheduling any appearance in this court will be entertained unless a written request is made FIVE (5) business days in advance of the date of appearance.**

THE PLAINTIFF SHALL NOTIFY ALL PARTIES WHO HAVE NOT ENTERED AN APPEARANCE, OF THE DATE AND TIME OF THE SCHEDULING/PLANNING CONFERENCE.

IT IS ORDERED that counsel/pro se parties in this case shall hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order in accordance with Fed.R.Civ.P.26(f) as amended, and D.C.COLO.LCivR 26.1 and App. F, on or before <u>21 days prior to scheduling conference</u>.  Pursuant to Fed.R.Civ.P.26(d), as amended, no discovery shall be sought until after the pre-scheduling conference meeting.  No later than 5 days prior to the Scheduling/Planning Conference, counsel/pro se parties shall submit their proposed Scheduling Order **(in PDF)** in compliance with the ECF Filing Procedures.  An additional copy shall be provided to chambers by e-mail with the subject line "Proposed Scheduling Order" and case number **(in WordPerfect or Word format)** to:  Watanabe_Chambers@cod.uscourts.gov.  In addition, on or before 14 days after the pre-scheduling conference meeting, the parties shall comply with the mandatory disclosure requirements of Fed.R.Civ.P.26(a)(1), as amended.

Counsel/pro se parties shall prepare the proposed Scheduling Order in accordance with the form which may be downloaded in richtext format from the forms section of the Court's website at www.cod.uscourts.gov, and are also attached to this document.  Instructions for downloading the formats are posted in the forms section of the website.   Parties who are *pro se* or do not have access to the internet may visit the Clerk's Office in Alfred A. Arraj U.S. Courthouse,  901 19th Street, Room A-105, Denver, Colorado.   (The Clerk's Office telephone number is (303) 844-3433.)  Scheduling Orders prepared by parties not represented by counsel, or without access to ECF, shall be submitted on paper.

IT IS FURTHER ORDERED that at least five (5) days prior to the Scheduling/ Planning Conference, counsel/pro se parties shall each submit a brief Confidential Settlement Statement to the Magistrate Judge **ONLY**, outlining the facts and issues involved in the case, and the possibilities for settlement, including any settlement authority from the client.  ECF participants shall submit their Confidential settlement statements to chambers with a subject line  "Confidential Settlement Statement" and the case number to: Watanabe_Chambers@cod.uscourts.gov. (The Confidential Settlement Statement should be in PDF format and sent as an attachment to the e-mail.) Counsel should be prepared to discuss settlement at the Scheduling/Planning Conference and should obtain settlement authority from the client, or have the client available either in person or by telephone.  Confidential Settlement Statements prepared by parties not represented by counsel, or without access to ECF, shall be submitted on paper.

All out-of-state counsel shall comply with D.C.COLO.LCivR 83.3 prior to the Scheduling/Planning Conference.

It is the responsibility of counsel to notice the court of their entry of appearance, notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address, e-mail address, or telephone number by complying with the ECF Procedures and, filing the appropriate document with the court.

Please remember that **everyone** seeking entry into the Alfred A. Arraj United States Courthouse will be required to show valid photo identification.  <u>See</u>

D.C.COLO.LCivR 83.2B. Failure to comply with this requirement will result in denial of entry into the Alfred A. Arraj United States Courthouse.

DONE AND SIGNED THIS 9th DAY OF MAY, 2008.

BY THE COURT:

s/Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge

mjw/sec

Atch 1

**Appendix F**

# INSTRUCTIONS FOR PREPARATION OF
# SCHEDULING ORDER

When the court has set a scheduling conference pursuant to Fed. R. Civ. P. 16 and D.C.COLO.LCivR 16.1 and 16.2 , a scheduling order shall be prepared in accordance with these instructions. The rule 26(f) meeting shall be held at least 21 days before the proposed scheduling order is due to be tendered. The disclosures required by Fed. R. Civ. P. 26(a)(1) shall be exchanged at or within 14 days after the rule 26(f) meeting. Do not file any disclosure statements with the court.

Five days before the scheduling conference (see Fed. R. Civ. P. 6 for all computations of time), counsel are to tender a proposed scheduling order which shall include the signatures of counsel and *pro se* parties and shall provide for approval by the court as specified on the attached
form. Counsel and *pro se* parties should try, in good faith, to agree upon matters covered in the scheduling order. Any area of disagreement should be set forth with a brief statement concerning the basis for the disagreement. The parties should expect that the court will make modifications in the proposed scheduling order and will want to discuss all issues affecting management of the case.

D.C.COLO.LCivR 72.2 authorizes magistrates judges to exercise jurisdiction of civil matters upon the consent of the parties. If all parties have consented to the exercise of jurisdiction by a magistrate judge pursuant to D.C.COLO.LCivR 72.2, the "Notice of Availability
of a United States Magistrate Judge to Exercise Jurisdiction and Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" form and a proposed order of reference are to be filed promptly with the Clerk of the Court and the consent indicated in section 6. of the proposed scheduling order. Note that D.C.COLO.LCivR 72.2D. provides, in part: "Written consent to proceed before a magistrate judge must be filed no later than ten days after the discovery cut-off date. In cases not requiring discovery, the parties shall have 40 days from the filing of the last responsive pleading to file their unanimous consent." Refer to D.C.COLO.LCivR 72.2F. if all parties have not been served or in the event additional parties are added after the scheduling conference.

Listed on the following pages is the format for the proposed scheduling order. The bracketed and italicized information on the form explains what the court expects. **Scheduling orders shall be double-spaced in accordance with D.C.COLO.LCivR 10.1E., even though the instructions in the following format for the proposed scheduling order are single-spaced.**

**PARTIES AND COUNSEL ARE DIRECTED TO THE COURT'S WEBSITE, http://www.cod.uscourts.gov/Dindex.htm, FOR ITS LOCAL RULES AND THE GENERAL PROCEDURES OF EACH JUDICIAL OFFICER.**

(Rev. 06/01/06)
Atch 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____


   Plaintiff(s),

v.


   Defendant(s).

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

*[Provide the date of the conference and the names, addresses, and telephone numbers of counsel for each party and each* pro se *party. Identify by name the party represented by each counsel.]*

**2. <u>STATEMENT OF JURISDICTION</u>**

*[Provide a concise statement of the basis for subject matter jurisdiction with appropriate statutory citations. If jurisdiction is denied, give the specific reason for the denial.]*

**3. <u>STATEMENT OF CLAIMS AND DEFENSES</u>**

 a. *Plaintiff(s):*

 b. *Defendant(s):*

 c. *Other Parties:*

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate*

*frivolous claims or defenses. Fed. R. Civ. P. 16(c)(1), 11. Do not summarize the pleadings. Statements such as "defendant denies the material allegations of the complaint" are not acceptable.]*

## 4. UNDISPUTED FACTS

The following facts are undisputed:

*[When the parties have their rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

## 5. COMPUTATION OF DAMAGES

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(C). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting.

b. Names of each participant and party he/she represented.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

d. Statement as to when rule 26(a)(1) disclosures were made or will be made.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1), the party must provide here an explanation showing good cause for the omission.]*

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties.

f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or

will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.  Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data.  At the Rule 26(f) conference, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information.  In advance of the Rule 26(f) meeting, counsel should carefully investigate their client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

## 7.  CONSENT

*[Pursuant to D.C.COLO.LCivR 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. §636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment.  Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C. § 636(a) and (b) will hold the scheduling conference and retain settlement jurisdiction, whereas pretrial case management, jurisdiction of dispositive motions, and trial will be assigned to the magistrate judge drawn at random under D.C.COLO.LCivR 72.2.]*

*[Indicate below the parties' consent choice.]*

All parties *[have or have not]*  consented to the exercise of jurisdiction of a magistrate judge.

## 8.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

*[Set time period within which to join other parties and to amend all pleadings. This portion of the scheduling order relates to timing only. It does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good cause, these dates should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and* pro se *parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]*

b. Discovery Cut-off:

c. Dispositive Motion Deadline:

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

d. Expert Witness Disclosure

*[(1) State anticipated fields of expert testimony, if any.*

*(2) State any limitations proposed on the use or number of expert witnesses.*

*(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 200__.*

*(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 200__.*

*(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.]*

(FOR CASES ASSIGNED TO JUDGE NOTTINGHAM, PLEASE ADD PARAGRAPH (6) BELOW)

*(6) This Scheduling Order requires rule 26(a)(2)(B) reports from **any** person who will provide expert testimony – including, for example, a treating physician – except that a treating physician's report need not contain a recitation of compensation paid to the physician or a list of other cases in which the physician has given testimony. See Fed.R.Civ.P. 26(a)(2) advisory committee's note ("requirement of written report may be . . . imposed upon additional persons who will provide opinions under [r]ule 702".)*

(FOR ALL OTHER JUDGES' CASES, PLEASE CONTINUE WITH PARAGRAPH e.)

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*[List the names of persons to be deposed and a schedule of any depositions to be taken, including (i) a good faith estimate of the time needed for the deposition and (ii) time(s) and date(s)for the deposition which have been agreed to by the deponent and persons signing the scheduling order. The parties must comply with the notice and scheduling requirements set forth in D.C.COLO.LCivR 30.1.]*

f. Interrogatory Schedule

*[Set a schedule for the submission of and response to written interrogatories, if any are desired.]*

g. Schedule for Request for Production of Documents

*[Set a schedule for the submission of and response to requests for documents, if any are desired.]*

h. Discovery Limitations:

(1) Any limits which any party wishes to propose on the number of depositions.

(2) Any limits which any party wishes to propose on the length of depositions.

(3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

(4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

*[At the rule 26(f) meeting, the parties should make a good-faith attempt to agree to limit the number of depositions, interrogatories, requests for admissions, and requests for production. In the majority of cases, the parties should anticipate that the court will adopt the numerical limitations on depositions and interrogatories established in Fed. R. Civ. P. 30(a)(2)(A), 33.]*

(5) Other Planning or Discovery Orders

*[Set forth any other proposed orders concerning scheduling or discovery. For example, the parties may wish to establish specific deadlines for submitting protective orders or for filing motions to compel.]*

## 9. SETTLEMENT

*[The parties must certify here that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within ten days of the meeting.]*

## 10. OTHER SCHEDULING ISSUES

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury.

## 11. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. A settlement conference will be held on_____ at _____ o'clock __.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

( ) *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times: _____
_____
_____

    c.     A final pretrial conference will be held in this case on _____ \_\_\_\_ at_____ o'clock \_\_.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

[*The following paragraphs shall be included in the scheduling order:*]

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

[*Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.*]

DATED this _____ day of _____ 200\_\_.

                BY THE COURT:


                _____
                United States Magistrate Judge

APPROVED:

| _____ | _____ |
|---|---|
| (Name) | (Name) |
| (Address) | (Address) |
| (Address) | (Address) |
| (Telephone Number) | (Telephone Number) |
| Attorney for Plaintiff (or Plaintiff, *Pro Se*) | Attorney for Defendant (or Defendant, *Pro Se*) |

*[Please affix counsels' and any* pro se *party's signatures before submission of the scheduling order to the court.]*